MARY ALPHIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PRISCILLA ARMSTRONG LITTLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. B. ARMSTRONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERTA ARMSTRONG MAHONY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DOROTHY ARMSTRONG MILES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. K. MAHONY AND W. C. MILES, EXECUTORS, ESTATE OF D. E. ARMSTRONG, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CARY A. LUMPKIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24632, 24633, 24634, 24635, 24636, 30285, 30286, 30287, 30288, 30289, 30290, 31838.

Promulgated January 9, 1931.

*Henry J. Richardson, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

**1106**

SMITH: 1. The parties have stipulated that if the beneficiaries are entitled to depletion deductions for the tax years involved the amounts deductible for all the petitioners (divisible according to their respective interests in the property) are as follows:

| | |
|---|---:|
| 1921 | $36, 139. 67 |
| 1923 | 27, 843. 19 |
| 1924 | 10, 162. 14 |

From an inspection of the deed of trust of January 18, 1921, and of the supplemental declaration of trust of January 25, 1921, it is apparent not only that the beneficiaries had an interest in the income of the trust, but that they had an interest in the corpus in exactly the same proportion. The facts in this case are substantially the same as those which obtained in *Merle-Smith* v. *Commissioner*, 42 Fed. (2d) 837, wherein the court held that reasonable allowance for depletion should be made in computing beneficiaries' income from royalties on mining properties held in trust, the beneficiaries being held to have a property right and interest in the corpus of the trust. The court observed:

The petitioners have a property right and interest, within the decision of *Bryan* v. *Kennett* (113 U. S. 179), as real as that of the lessee referred to in *Lynch* v. *Alworth-Stephens Co.* (*supra*). Their interest in the ore body is as direct as the interest of the lessor, which is contingent upon the fulfillment by the lessee of the obligations under its lease. Included in the current payment of royalties is a sum representing the value of each ton of ore removed. As stated in the *Lynch* case, allowance is to be made " to every one whose property right and interest therein has been depleted " and it would therefore seem that these petitioners should be allowed deductions for depletion which their property interest sustained by reason of the mining operation.

The government accedes to the doctrine that in all mining operations there is some depletion. But whose ore is depleted is put into question. If the petitioners have any property interest in the corpus, it is being depleted. Certainly, they, who receive the income, the title owners of the corpus of the trust, the trustees, might have a depletion allowance. These petitioners who have the property right to which we have referred, receive the royalties without deduction. The statutes provide for depletion. The trustees merely pass on the royalties received in the percentages the will requires of them. The terms of the trust require that the entire royalties be paid currently to the beneficiaries. No depletion reserve was to be set aside or retained by the trustees.

We are of the opinion that the petitioners all had a depletable interest in the property conveyed to Mahony and that they are entitled to deduct from their gross incomes their pro rata shares of the depletion allowances stipulated.

2. The second question for decision is whether the petitioners derived any income from distributions made to them by Mahony from the $96,000 bonus for entering into the lease with the Pure Oil Co. Counsel for the petitioners sets forth his contention in his brief upon this point as follows:

It has been stipulated that this part of the property when acquired had the same value as it had when disposed of, the acquisition and disposition having transpired on the same date. If then, as we believe, the basis of such property in the hands of the trustee was its value at the date of acquisition, no gain or income resulted from the disposition thereof for the same amount; and the distribution of the proceeds to the beneficiaries of the trust does not, we submit, result in income to them.

The record discloses that Mahony did not sell any part of the property which was deeded to him by D. E. Armstrong and his wife. He simply entered into a lease with the Pure Oil Co. by which it was permitted to take oil and gas from a tract of about 32 acres. The $96,000 in question was received by Mahony as a bonus for entering into the lease. A bonus for entering into a lease represents taxable income. *Nelson Land & Oil Co.*, 3 B. T. A. 315; *Murphy Oil Co.*, 15 B. T. A. 1195. This contention of the petitioners is denied.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*